**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:06-CR-10-001 |
| | § | |
| MARSHALL LEE WRIGHT | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On October 30, 2006, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Marshall Lee Wright. The government was represented by Gregg Marchessault, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by court-appointed counsel, Wayne Dickey.

Defendant originally pleaded guilty to the offense of Possession of Counterfeit Securities, a Class C felony. The offense carried a statutory maximum imprisonment term of ten years. The United States Sentencing Guideline range, based on a total offense level of 12 and a criminal history category of IV, was 21 to 27 months. On January 10, 2003, U.S. District Judge Susan Webber Wright sentenced Defendant to 27 months imprisonment, followed by a term of three years supervised release. Under the standard conditions of supervised release, Defendant was prohibited, in relevant part, from: committing another federal, state or local crime. Defendant was also subject to special conditions to include participation in a program of testing and treatment for drug abuse; refraining from any unlawful use or illegal possession of a controlled substance, and to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer. On April 13, 2005, Defendant completed the term of imprisonment and began the term of supervised release.

In its petition, the government alleges that Mr. Wright committed a state crime when he was arrested in Anderson County, Texas, and charged with Driving While Intoxicated with a Child Under 15 Years of Age. Mr. Wright failed to notify his probation officer of this his arrest. Further, the government alleges that Mr. Wright submitted urine specimens which tested positive for methamphetamine on October 28, 2005; November 3, 2005; November 22, 2005; and December 13, 2005. Additionally, the government alleges that Mr. Wright failed to provide a urine specimen as required by the random drug testing program on July 11, 2005; July 25, 2005; August 11, 2005; December 6, 2005; January 5, 2006; January 10, 2006; and January 13, 2006.

If the Court finds by a preponderance of the evidence that Defendant committed any of these violations, a statutory sentence of no more than two years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Section 7B1.1(b) of the Sentencing Guidelines indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by committing the offense of possessing methamphetamine would constitute a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment less than the statutory maximum, the Court may require that Defendant be placed on a term of supervised release after imprisonment. 18 U.S.C. § 3583(h). The authorized term of

supervised release for this offense is not more than three (3) years. Pursuant to Section 7B1.3(g)(2) of the Sentencing Guidelines, the length of such term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by possessing methamphetamine as alleged in the government's petition. In exchange, the government agreed to recommend that Defendant serve 12 months and 1 day in prison with 18 months supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court RECOMMENDS that Defendant, Marshall Lee Wright, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months and 1 day with 18 months supervised release to follow. Defendant shall comply with conditions of supervised release as set forth in the new judgment, to be issued forthwith.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Michael H. Schneider for adoption immediately upon issuance.

**So ORDERED and SIGNED this 1st day of November, 2006.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE